FILED
10/04/2019
*Shirley Faust*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Molly Reynolds
DV-32-2019-0001088-PI
Marks, Jason
1.00

**Milton Datsopoulos**
**Edward "Jake" Miller**
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main, Suite 201
Missoula Montana, 59802
Telephone: (406) 728-0810

*Attorneys for Plaintiff*

# MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| DEBRA J. STAAT, | Dept. No. |
|---|---|
| Plaintiff, | Cause No. |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| WALMART INC., CORPORATIONS A, B, and C, and JOHN DOES 1 through 10, | |
| Defendants. | |

COMES NOW Plaintiff, Debra J. Staat by and through her counsel of record, Milton Datsopoulos of the law firm of Datsopoulos, MacDonald & Lind, P.C., and alleges and states as follows:

## PARTIES

1. Plaintiff Debra J. Staat (hereinafter referred to as "Debbie") was at all times relevant hereto a resident of the State of Montana, residing in Stevensville, Montana.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                                                 1

2. To the best of Plaintiff's knowledge, Defendant Wal-Mart Supercenter is a domestic profit corporation with its principal office location of 702 SW 8th Street, Bentonville, Arkansas, 72716.

3. Defendant A, B, and C Corporations and John Does 1 through 10 are entities and individuals with identities currently unknown which bear some or all the liability associated with Plaintiff's claims. It is Plaintiff's belief that these fictitious Defendants participated or assisted in the performance of the wrongful acts and omissions described within this Complaint, although the full extent of their involvement is unknown at this time. Alternatively, these Defendants acted as principles or agents, actual or ostensible of other named Defendants in performing the wrongful acts or omissions described below, although the full extent of their involvement is currently unknown. When the names and capacities of the Defendants have been ascertained, appropriate amendments will be filed.

## JURISDICTION AND VENUE

4. Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein

5. This Court, in Missoula County, has jurisdiction over each of the parties in accordance with Mont. R. Civ. P. 4 (b)(1)(B), and Mont. Code Ann. § 25-2-122(1)(b) (2017).

## FACTS COMMON TO ALL COUNTS

6. On or around October 26, 2016, Debbie arrived on the Defendant's property to shop for groceries and a birthday present for her daughter-in-law.

7. October 26, 2016 was a humid and rainy day, and Debbie approached the entrance of the Defendant's property and entered through the double doors.

8. The entrance was carpeted, yet due to the heavy precipitation, the carpets were dense with moisture, enough so that excess water had collected around the carpeting, and no visible "wet floor" sign had been placed near the hazardous area to warn customers of the slippery surface.

9. As a result of the previously mentioned conditions, Debbie walked across the completely soaked carpeting and floor. Debbie slipped and fell, and in an attempted to catch herself, reached out with her right hand to break her fall, resulting in injury to Debbie's right hand and wrist.

10. Debbie believes that at all times mentioned herein, Defendant owned, leased, rented, or otherwise were in lawful possession and control of the land or facilities upon which she sustained her injuries.

11. At all times mentioned herein, Defendant owed a duty to Debbie and customers alike to keep the subject premises in a safe condition by providing a warning regarding the dangerous condition or preventing/curing/removing the dangerous condition.

12. At all times mentioned herein, Debbie was lawfully on the subject premises and was unable to prevent the impending injury.

## COUNT I: NEGLIGENCE

13. Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein.

14. Debbie alleges that on or about the above-referenced date and place, Defendant owed a duty of care to Debbie to keep the subject premises in a safe condition by preventing, curing, or removing the dangerous condition.

15. Debbie alleges that on or about the above-referenced date and place, Defendant owed a duty of care to Debbie because they owned, leased, rented, or otherwise were in lawful possession and control of the land or facilities upon which she sustained injuries.

16. Debbie alleges that on or about the above-referenced date and place, Defendant breached the above-mentioned duty of care because they negligently and carelessly owned, leased, rented, or otherwise were in lawful possession and control of the land or facilities and permitted or created the dangerous condition, increased the risk of harm, or created a false sense of safety at the subject premises so as to cause Debbie to encounter a dangerous condition by its omission to maintain the entrance to its property to be free from excess water resulting in a slipping hazard, and not placing a warning sign of

said conditions, thereby directly causing the injuries and damages to Debbie as described herein.

17. Defendant's direct acts and omissions in failing to properly maintain the entrance to its property to be free from excess water resulting in a slipping hazard, and not placing a warning sign of said conditions, caused injuries and damages to Debbie.

18. As a direct result of the conduct of Defendant, Debbie was hurt and injured sustaining injuries to her right hand and wrist. Additionally, Debbie endured shock and injury to her person, all of which said injuries have caused and continue to cause Debbie great physical and mental pain and suffering.

19. As a direct result of the acts and omissions of Defendant, Debbie was compelled and did employ the services of hospitals, physicians, nurses and the like to care and treat her for her injuries, and has incurred considerable medical expenses which will necessarily incur for an indefinite period of time in the future, the exact amount of such will be stated according to proof at the time of trial.

20. As a further proximate result of Defendant's negligence as alleged herein, Debbie has and will continue to incur loss of income, wages, and other loss, the full extent and amount of which will be stated according to proof at the time of trial.

## COUNT II: PREMISES LIABILITY

21. Plaintiff realleges and reaffirms all allegations contained in the above paragraphs as if set forth herein.

22. At all times mentioned herein, Defendant negligently, carelessly and recklessly owned, leased, rented, or otherwise were in lawful possession and control of the land or facilities upon which Debbie sustained injuries, and/or permitted or created the dangerous condition on the subject premises so as to cause or allow dangerous and/or defective conditions.

23. At all times mentioned herein, the conditions of said premises were such that individuals upon the subject premises, including Debbie, were exposed to danger and injury while lawfully on the subject premises.

24. Defendant knew, or in the exercise of reasonable care should have known, that unless reasonable care, control, and maintenance were taken of the subject premises, that a dangerous condition would exist on Defendant's premises.

25. Defendant negligently failed to take reasonable precautions to prevent injuries to persons lawfully on the subject premises, including Debbie.

26. Debbie alleges that on or about the above-referenced date and place, Defendant negligently and carelessly owned, leased, rented, or otherwise were in lawful possession and control of the land or facilities and permitted or created the dangerous condition, increased the risk of harm, or created a false

sense of safety at the subject premises so as to cause Debbie to encounter a dangerous condition in its failure to maintain the entrance to its property to be free from excess water resulting in a slipping hazard, and not placing a warning sign of said conditions, and thereby directly caused the injuries and damages to Debbie as described herein.

27. As a direct result of the conduct of Defendant, Debbie was hurt and injured sustaining injuries to her right hand and wrist. Additionally, Debbie endured shock and injury to her person, all of which said injuries have caused and continue to cause Debbie great physical and mental pain and suffering.

28. As a direct result of the acts and omissions of Defendant, Debbie was compelled and did employ the services of hospitals, physicians, nurses and the like to care and treat her for her injuries, and has incurred considerable medical expenses which will necessarily incur for an indefinite period of time in the future, the exact amount of such will be stated according to proof at the time of trial.

29. As a further proximate result of Defendant's negligence as alleged herein, Debbie has and will continue to incur loss of income, wages, and other loss, the full extent and amount of which will be stated according to proof at the time of trial.

WHEREFORE, Plaintiff Debra J. Staat demands judgment against Defendant for:

a. Plaintiff Debbie J. Staat's past and future medical expenses;

b. Plaintiff Debbie J. Staat's past and future physical and mental pain and suffering;

c. Plaintiff Debbie J. Staat's, other special damages in an amount to be proven at trial;

d. Plaintiff Debbie J. Staat's, general damages in an amount to be proven at trial;

e. Plaintiff Debbie J. Staat's, past and future loss of earnings and earning capacity;

f. For costs of suit, including reasonable attorney's fees as permitted by law; and

g. For such other and further relief as this Court may deem just and proper.

DATED this 4th day of October, 2019.

DATSOPOULOS, MacDONALD & LIND, P.C.

By: /s/Milton Datsopoulos
Milton Datsopoulos
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 4th day of October, 2019.

                DATSOPOULOS, MacDONALD & LIND, P.C.

                By:  /s/Milton Datsopoulos
                       Milton Datsopoulos
                       *Attorney for Plaintiff*