IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DEBRA J. STAAT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WALMART, INC., and DEFENDANT "MAT PROVIDER"<br><br>　　　　　Defendants. | CV 22–56–M–DWM<br><br><br>ORDER |

     Plaintiff Debra J. Staat has moved to remand this case to the Fourth Judicial District Court, Missoula County, alleging complete diversity of citizenship does not exist between the parties under 28 U.S.C. § 1332(a). Defendant Walmart does not oppose the motion. Plaintiff argues that the fictitious defendant "Mat Provider" is a Montana corporation, and that because Plaintiff is a Montana citizen, complete diversity of citizenship no longer exists. (Doc. 19.) While this may be true, "Mat Provider" remains a fictitious defendant—therefore, this motion is denied without prejudice.

     "In determining whether a civil action is removable on the basis of the jurisdiction under section [28 U.S.C. §] 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). "The

1

citizenship of fictitious defendants . . . becomes relevant only if and when plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). A plaintiff may substitute a named defendant for a fictitious defendant until judgment is entered. *Id.* Plaintiff has not substituted a named defendant for the fictitiously named "Mat Provider." Thus, the Court must treat "Mat Provider" as a fictitious defendant and disregard its citizenship status until it is formally named. Although Plaintiff has alleged that "Mat Provider's" citizenship creates a complete diversity problem, complete diversity still exists because Walmart, an Arkansas corporation, remains the only named defendant.

A pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 controls the schedule for a civil action. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Rule 16 provides, in part, "[a] schedule may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). Good cause to change deadlines may be found if deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. Plaintiff did not know "Mat Provider's" actual identity until after filing her amended complaint, when the information was provided by Walmart during discovery. (Doc. 19.) Neither party has identified a reason why Plaintiff was not diligent in using a fictitious name to reference "Mat Provider" until that point. (*Id.*) Therefore, there is good cause to permit plaintiff to amend her pleading.

2

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, justice requires amending the pleadings to ensure that this Court may properly assert jurisdiction over this matter. Therefore, Plaintiff has leave to amend her pleading to substitute the proper named party for a fictitious party.

Accordingly, IT IS ORDERED that Plaintiff's unopposed motion to remand, (Doc. 19), is DENIED without prejudice. Nevertheless, construed as a request to amend the pleadings, the motion is GRANTED. Plaintiff has 21 days to file an amended pleading to substitute the names of the Defendants.

DATED this 29th day of September, 2022.

_____
Donald W. Molloy, District Judge
United States District Court