IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DEBRA J. STAAT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WALMART, INC., and MISSOULA LAUNDRY AND DRY CLEANERS INC., D/B/A MISSOULA TEXTILE SERVICES,<br><br>　　　　　Defendants. | CV 22–56–M–DWM<br><br><br>ORDER |

　　　　The district court has subject matter jurisdiction over a matter under 28 U.S.C. § 1332 when the citizenship of each plaintiff is diverse from the citizenship of each defendant and the "amount in controversy" exceeds $75,000.  28 U.S.C. § 1332(a).  A district court must remand a matter *sua sponte* if subject matter jurisdiction does not exist, whether the parties raised the issue or not.[1]  28 U.S.C. § 1447(c); *United Investors Life Ins. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Notably, the parties here previously sought remand, (*see* Doc. 19), but the motion was denied as premature.

1

Defendant Walmart, Inc. removed this matter from the Fourth Judicial District Court, Missoula County on March 16, 2022. (Doc. 1.) At that point, complete diversity of citizenship existed. (*See id.*) On October 4, 2022, Plaintiff filed an amended complaint adding Missoula Laundry and Dry Cleaners as a named defendant. (Doc. 21.) Although Walmart, Inc. is a citizen of Arkansas, both Debra J. Staat and Missoula Laundry and Dry Cleaners Inc. are citizens of Montana. Therefore, subject matter jurisdiction no longer exists because the parties lack complete diversity of citizenship. Accordingly,

IT IS ORDERED that this action is REMANDED to the Fourth Judicial District Court, Missoula County. All pending motions are DENIED as MOOT and all deadlines are VACATED. The Clerk of Court shall send a copy of this Order and the case file to the Missoula County Clerk of District Court.

DATED this 6th day of October, 2022.

Donald W. Molloy, District Judge
United States District Court